**DEFENDANT FITNESS INTERNATIONAL, LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Fitness International, LLC (hereafter "Defendant") makes this its answer to Plaintiff Joseph D'Agostino's (hereafter "Plaintiff") Complaint. Unless specifically answered herein, all allegations of Plaintiff's Complaint are denied.

**COUNT ONE**

1. The defendant has no knowledge of the facts alleged in this paragraph and calls for plaintiff to prove the same.

2. The defendant admits that it is a foreign limited liability company with a California citizenship. It also admits that it leased and reasonably maintained the subject premises. The defendant denies the remainder of the allegations set forth in this paragraph.

3. Denied.

4. Denied.

5. (a)-(z) Denied.

6. Denied.

7. Denied.

8. The defendant has no knowledge of the facts alleged in this paragraph and calls for plaintiff to prove the same.

9. The defendant has no knowledge of the facts alleged in this paragraph and calls for plaintiff to prove the same.

10. Denied.

11. The defendant has no knowledge of the facts alleged in this paragraph and calls for plaintiff to prove the same.

WHEREFORE, Defendant says that Plaintiff's Complaint against it should be dismissed and that judgment enter for Defendant together with its costs.

## SPECIAL DEFENSES

### FIRST SPECIAL DEFENSE

And further answering, the defendant states that the plaintiff's recovery, if any, must be diminished in accordance with the provisions of C.G.S. § 52-572h by the proportion of negligence which is attributable to the plaintiff. The defendant says that the plaintiff was negligent and that his own negligence was the actual and proximate cause of any injuries, damages, or losses claimed, in one or more of the following:

a. The plaintiff failed to avoid the condition that he claims were dangerous;

b. The plaintiff failed to use the amount of care which was appropriate under the circumstances;

c. The plaintiff failed to keep and maintain a proper and reasonable lookout;

d. The plaintiff failed to watch where he was stepping and walking;

e. The plaintiff was inattentive to his surroundings;

f. The plaintiff failed to make proper and reasonable use of his faculties and senses; and

g. The plaintiff failed to use reasonable care for his own safety commensurate with the existing circumstance and conditions.

h. The plaintiff failed to heed warnings provided to him.

### SECOND SPECIAL DEFENSE

3

And further answering, the defendant says that the plaintiff has failed to take reasonable and prudent measures necessary and proper to mitigate whatever damages he might have sustained as a result of the acts or omissions complained of in the plaintiff's complaint.

## THIRD SPECIAL DEFENSE

And further answering, the defendant says that the plaintiff released the defendant from any and all liability and otherwise assumed the risk of any such accident per the written agreement between the parties.

## FOURTH SPECIAL DEFENSE

And further answering, the defendant says that it had no actual or constructive knowledge of any alleged defect.

## FIFTH  SPECIAL DEFENSE

And further answering, the defendant says that plaintiff's negligence was greater than any on part of the defendant and thus plaintiff's claim is barred.

## **JURY CLAIM**

Defendant hereby claims a jury trial on all claims.

<div style="margin-left:40%">

Respectfully submitted,

Defendant,
FITNESS INTERNATIONAL, LLC

By its attorneys,

/s/  Kevin J. O'Leary

_____
Kevin J. O'Leary, Juris No. 437692
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
koleary@coughlinbetke.com

</div>

4