UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH D'AGOSTIN<br>*Plaintiff* | )<br>)  NO. 3:20-cv-01657<br>) |
| v. | )<br>) |
| FITNESS INTERNATIONAL, LLC.<br>D/B/A/ LA FITNESS<br>*Defendants* | )<br>)<br>)<br>) |

## RULE 26(f) REPORT

Plaintiff Joseph D'Agostin and Defendant Fitness International, LLC hereby submit the following Report under Federal Rule of Civil Procedure 26(f):

**Date Complaint Filed**: Plaintiff filed his Complaint in the Superior Court of Connecticut on Friday, August 14, 2020. Defendant Fitness International, LLC removed the case to federal court on November 3, 2020.

**Date of Defendant's Appearance**: September 3, 2020.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on December 17, 2020. The participants were:

Frank J. McCoy, Jr., Esq. for Plaintiff Joseph D'Agostin
Benjamin H. Levites, Esq. for Defendant Fitness International, LLC

    **I.**    **Certification**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is predicated on complete diversity of the parties with an amount in controversy in excess of $75,000.00. Plaintiff Joseph D'Agostin ("Plaintiff") commenced this action in the Connecticut Superior Court. Defendant Fitness International, LLC ("Defendant") removed the action to the District of Connecticut, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In accordance with 28 U.S.C. § 1332(a)(1), the amount in controversy exceeds $75,000.00, and Plaintiff and Defendant are citizens of different states. The Court's subject matter jurisdiction is proper.

### B. Personal Jurisdiction

Defendant is not contesting personal jurisdiction.

## III. Brief Description of Case

### A. Claims of Plaintiff:

Plaintiff alleges that he was caused to slip and fall on the floor of Defendant's premises, located at 761 Main Street, Norwalk, Connecticut. Specifically, Plaintiff alleges that the tile floor was wet with improper matting and as a result, he sustained various injuries, including injuries to his right leg, hip, and hip replacement, as well as mental distress.

### B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant:

Defendant denies all claims, and assert comparative negligence and failure to mitigate against Plaintiff.

## IV. Statement of Undisputed Facts

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. Defendant possessed and reasonably maintained a gym located at 761 Main Street, known as LA Fitness, in the City of Norwalk and the State of Connecticut.

2. Defendant invited guests, including Plaintiff, to enter upon the premises.

3. It was the duty of Defendant to reasonably maintain the premises in order to render them reasonably safe.

4. It was the duty of Plaintiff to exercise reasonable care, not only to avoid known dangers, but to discover those to which his conduct might expose him, and to be watchful of his surroundings.

5. On November 3, 2018, Plaintiff was lawfully upon the premises.

V. **Case Management Plan:**

**A. Initial Disclosures**

Initial disclosures will be served by February 4, 2021.

**B. Scheduling Conference**

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

**C. Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be facilitated by use of the following procedure: informal settlement negotiation and/or mediation.
2. The parties do not request an early settlement conference. The parties will jointly advise the Court if they seek a settlement conference after preliminary discovery.
3. The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.
4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties do not believe that additional parties will need to be joined, and the parties do not believe that further amendment of the pleadings is necessary. However, in the event that such

joinder and/or amendment is necessary:

1. Plaintiff(s) should be allowed until January 18, 2021 to file motions to join additional parties and to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.
2. Defendant(s) should be allowed until January 18, 2021 to file motions to join additional parties and February 17, 2021 to file a response to any amended complaint or complaint(s) filed by additional parties. Defendant may amend pleadings to assert additional defenses. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

### E. Discovery

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

**Plaintiff's position**

Phased discovery is preferable because the parties may consider ADR after fact discovery is completed.

**Defendant's Position (if different):**

N/A.

a. The parties anticipate that discovery will be needed on the following subjects:

Plaintiff's anticipated discovery:

- Circumstances surrounding Plaintiff's alleged incident;
- Control, possession and management of the gym location and other venues managed by the defendant; and
- Inspection and maintenance of the locker room, facility in general and other venues under the control of the defendant.
- Notice of the danger including all prior slip and falls in the locker rooms and tiled areas of all the facilities controlled by the defendant

Defendant's anticipated discovery:

4

- Circumstances surrounding Plaintiff's alleged incident;
- Causation of Plaintiff's alleged incident;
- Issues concerning any pre-existing conditions;
- Plaintiff's medical treatment;
- Plaintiff's employment; and
- Plaintiff's damages.

The parties reserve the right to object to discovery.
The parties reserve the right to conduct discovery on non-enumerated issues as they present.
The Defendant objects to discovery in respect of other venues managed by or under the control of the Defendant as irrelevant, unduly burdensome, disproportionate to the plaintiff's claims, and not reasonably calculated to lead to the discovery of any admissible evidence.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced as soon as practicable and completed (not propounded) by January 31, 2022.

d. Discovery will be conducted in phases:

e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by: fact discovery by June 17, 2021 and expert discovery by January 31, 2022. The parties request a status conference at the end of February 2021.

f. The parties anticipate that Plaintiff(s) will require a total of 1-5 depositions of fact witnesses and that Defendant(s) will require a total of 1-5 depositions of fact witnesses. The depositions will commence as soon as practicable and be completed by June 17, 2021.

g. To the extent that the parties require interrogatories or production requests exceeding 25 in number, they will seek leave of court.

h. Plaintiff intends to call expert witnesses at trial. Defendant intends to call expert witnesses at trial.

i. The parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof. Plaintiff will designate his experts by May 1, 2021. Defendant will designate their experts by July 1, 2021. Depositions of Plaintiff's experts will be completed by October 30, 2021. Depositions of Defendant's experts will be completed by October 30, 2021.

j. The parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof. Plaintiff will designate his experts by September 1, 2021. Defendant will designate their experts by November 1, 2021. Depositions of Plaintiff's experts will be completed by January 31, 2022. Depositions of Defendant's experts will be completed by January 31, 2022.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 30, 2020.

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to follow Fed. R. Civ. P. 34 for the preservation, disclosure and management of electronically stored information.

m. Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to follow all necessary procedures for the preservation, disclosure and management of such information.

n. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to utilize Fed. R. Civ. P. 26(b)(5) for the purpose of claiming privilege or protecting trial preparation materials.

### F. Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]: not applicable at this time.

### G. Summary Judgment Motions:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before 35 days after the close of discovery.

### H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases

will be filed within 30 days of the trial.

### VI.     TRIAL READINESS

The case will be ready for trial by May 27, 2022.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,
PLAINTIFF JOSEPH D'AGOSTIN
By his attorney

_____
Frank J. McCoy, Jr. ct08444
McCoy & McCoy, LLC
20 Church St.
17th Floor
Hartford, CT 06103


DEFENDANT
FITNESS INTERNATIONAL, LLC
By its attorneys

_____
Benjamin H. Levites, ct30481
Kevin J. O'Leary, ct30271
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
koleary@coughlinbetke.com
blevites@coughlinbetke.com