UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH D'AGOSTIN | ) | |
|     *Plaintiff* | ) | CIVIL ACTION NO.: |
| v. | ) | 3:20-cv-01657-KAD |
| FITNESS INTERNATIONAL LLC | ) | February 12, 2021 |
| D/B/A L.A. FITNESS | ) | |
|     *Defendant* | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH PLAINTIFF'S NOTICE OF DEPOSITION OF CORPORATE DESIGNEE**

Defendant Fitness International, LLC d/b/a L.A. Fitness ("L.A. Fitness") hereby moves under Federal Rule of Civil Procedure 26(c) for a protective order to quash Plaintiff's deposition subpoena of L.A. Fitness' corporate representative, attached hereto as Exhibit A. The listed topics in the Plaintiff's subpoena and the requested documents requested are disproportionate to the needs of the case and outside the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)(1). Further, this subpoena creates an undue burden and a significant cost to the Defendant. In addition, in seeking 49 categories of documents, Plaintiff ignores the agreed upon limit of documents requests set forth in the Rule 26(f) Report, adopted by this Court. As such, the portion of the subpoena requesting additional documents requests should be struck. Finally, to the extent the subpoena requests persons most knowledgeable to testify on designated topics, this notice misquotes the federal standard for 30(b)(6) deponents. The Defendant, under this rule, is merely required to provide a deponent to testify as to information "known or reasonably available" to the corporation.  The Notice of Deposition therefore, should be quashed.

**I. BACKGROUND**

The Plaintiff's Complaint, initially filed in Connecticut Superior Court at the Judicial District of Fairfield/Norwalk on August 21, 2020, alleges that he slipped and fell on a wet tile

floor in the men's locker room at an L.A. Fitness club location at 761 Main Street, Norwalk, Connecticut, on or about November 3, 2018. Doc. 1-1. ¶ 3. On September 3, 2020, prior to the Complaint's return date of September 29, 2020, the Plaintiff served a notice of deposition of L.A. Fitness' corporate designee under Practice Book § 13-27(h). *See* Notice of Deposition, attached hereto as Exhibit B. On the same date, in violation of Practice Book §§ 13-6(a) and 13-9(c), which prohibit the service of interrogatories and requests for production prior to the return date, the Plaintiff filed notice of service of interrogatories and requests for production on L.A. Fitness. *See D'Agostin v. Fitness International LLC d/b/a L.A. Fitness,* No. FST-CV20-6048103-S, Doc. 101. On October 6, 2020, L.A. Fitness subsequently filed a notice of service of interrogatories and requests for production on the Plaintiff. *Id.,* Doc. 103.

On November 3, 2020, L.A. Fitness removed to this Court. Doc. 1. On November 5, 2020, Plaintiff sought consent to proceed with the discovery served prior to removal. *See* December 7, 2020 Correspondence, attached hereto as Exhibit C. On December 7, 2020, L.A. Fitness responded that while interrogatories could not be served prior to the conference of the parties under Federal Rule of Civil Procedure 26(f), L.A. Fitness would consent to deeming the previously served requests for production as Early Rule 34 Requests under Federal Rule of Civil Procedure 26(d)(2). *See id.*

On December 17, 2020, the parties conferred under Federal Rule of Civil Procedure 26(f) and filed a Report of their conference. Doc. 12. On January 15, 2020, L.A. Fitness served objections to the Plaintiff's Early Rule 34 Requests. See Objections, attached hereto as Exhibit D. The same date, Plaintiff replied to L.A. Fitness 'objections with proposals concerning the Plaintiff's Early Rule 34 Requests. See January 15, 2021 Correspondence, attached hereto as Exhibit E.

The Plaintiff also served on the same date a revised deposition notice of L.A. Fitness ' corporate designee under Federal Rule of Procedure 30(b)(6), seeking testimony and the production of documents on 49 different subjects. Exhibit A. The notice sought extensive testimony and production of documents relating to L.A. Fitness 'nationwide locations. For instance, subject 23 of the notice seeks testimony and documents concerning "[a]ll efforts made by the Defendant to assess the danger in **all of their locations for slip and falls, and/or slip and falls involving substances and/or items on the floor**." Exhibit A, ¶ 23 (emphasis added). Throughout, the notice seeks information and documents concerning **all** L.A. Fitness locations and related to **all** types of falls, rather than just those falls on wet tile in the men's locker room, as occurred in this case.[1] Additionally, the Plaintiff now requests information concerning the five years leading up to the incident, despite the fact that his written discovery requests only sought information concerning the prior two years–and which the Defendant agreed to produce.[2] *See* January 19, 2021 Correspondence, attached hereto as Exhibit F.

On January 19, 2021, L.A. Fitness replied to the Plaintiff, agreed to his proposals concerning the Early Rule 34 Requests, and proposed to confer concerning the scope of the revised notice of deposition of L.A. Fitness' corporate designee. Exhibit F. The parties initially conferred on January 22, 2021, but agreed to reconvene in view of the Plaintiff's anticipated service of a further-revised notice of deposition of L.A. Fitness' corporate designee. *See* January 22, 2021 Correspondence, attached hereto as Exhibit G; Exhibit A.

---

[1] Defendant specifically objects to any topic and/or document request that asks for information for **all** of the Defendants' locations. After conducting a meet and confer with Plaintiff's counsel, this objection applies to: 7, 15, 16, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 41, 42, and 44.

[2] After conducting a meet-and-confer with Plaintiff's counsel, this objection applies to: 2, 24, 25, 26, 27, 28, 29 and 30.

3

On January 25, 2021, the parties reconvened to confer in a good-faith attempt to resolve their differences concerning the scope of the revised deposition notice. While the parties were able to resolve some of L.A. Fitness' objections to the scope of the deposition notice, Despite discussions, the parties were unable to agree concerning L.A. Fitness' two principal objections: *first*, that Plaintiff's subpoena be limited to information from the club at issue in this case; and *second,* Plaintiff's request for five-years of information is inconsistent with discovery performed to date.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 30(b)(6) provides that a party may notice the deposition of a corporate designee, but that the noticing party must "describe with reasonable particularity the matters on which examination is requested." F.R.C.P. 30(b)(6). "A Rule 30(b)(6) Notice is subject to limitations under Rule 26 which requires that the information sought not be unduly burdensome or duplicative. Courts have found Rule 30(b)(6) notices to be unduly burdensome which merely request the duplication of other information already obtained through other discovery methods." *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 73-74 (D. Conn. 2010) (Fitzsimmons, J.) (quotations and citation omitted). "A portion of a party's 30(b)(6) notice may also be stricken if it is overbroad. The purpose of designating matters for the 30(b)(6) deposition is to give the opposing party notice of the areas of inquiry that will be pursued so that it can identify appropriate deponents and ensure they are prepared for the deposition." *Id.* (quotations and citation omitted).

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to

> the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). For good cause shown, a district court may issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)."Because the liberality of pretrial discovery has a significant potential for abuse, courts may issue protective orders which restrict permissible discovery if it would unduly annoy or burden the other party." *Joseph L. v. Connecticut Dept. of Children and Families*, 225 F.R.D. 400, 401 (D. Conn. 2005). Fed. R. Civ. P. 26(c) states in part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> **(A)** forbidding the disclosure or discovery;
> **(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
> **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; …

Fed. R. Civ. P. 26(c). Good cause is established when [the moving] party is able to show that a clearly defined, specific and serious injury will occur in the absence of such an order. Boudreau v. Smith, 2019 U.S. Dist. LEXIS 75535, *3. As set forth below, the Defendant demonstrates clearly defined and specific injury that will occur given the present Notice of Deposition. The Defendant respectfully requests that the Court issue a protective order in this case and quash Plaintiff's deposition subpoena for the Person Most Knowledgable at L.A. Fitness.

## III. ARGUMENT

**A. Plaintiff's Notice Of Deposition Is Wildly Disproportional To The Needs Of This Simple Slip And Fall Case.**

Given the gulf between what Plaintiff needs to prove in this routine tort case and the breadth of his discovery efforts, the notice of deposition issued to L.A. Fitness hould be quashed because it ignores due consideration of proportionality as required under Rule 26(b)(1). Indeed, on December 1, 2015, Rule 26(b)(1) was amended to expressly require that discovery must be proportional to the needs of a case.[3] Rule 26(b)(1) now states in part:

> **Parties may obtain discovery** regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.** Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). While proportionality was always an element of the rule, this amendment represented a fundamental change of emphasis on proportionality based on the actual needs and nature of the case:

> What will change—hopefully—is mindset. No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. In fact, the old language to that effect is gone. Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case.

*Gilead Scis., Inc. v. Merck & Co, Inc.*, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016).  Thus, discovery must be proportional to the actual needs and nature of the case.

---

[3]*See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*,2016 WL 4485568, at *5 (S.D. Cal. Aug. 19, 2016).

Here, the sheer volume of Plaintiff's proposed discovery is plainly and vastly disproportionate to the matters at hand. Again, this is a straightforward slip-and-fall in the men's locker room at L.A. Fitness in Norwalk, Connecticut. **Despite the simple fact pattern, as discussed above, Plaintiff has served L.A. Fitness with 49 potential areas of inquiry and itemizes 49 different subjects and materials to request responsive documents that seek information about <u>all</u> L.A. Fitness locations, which amounts to 736 locations both nationwide and in Canada, as well as information about all types of falls at L.A. Fitness's locations**. Plaintiff's conduct is, as other courts have noted, more than merely an impermissible fishing expedition. Rather, this is an unacceptable effort to "drain the pond and collect the fish from the bottom." *See Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 121 (N.D. Ind. 1991). As such, the Defendant requests that the deposition notice be quashed.[4]

**B. The Proposed Scope Of The Deposition In Looking For Similar Incidents In 736 Locations Is Costly And Burdensome, In Addition To Not Being Proportional To The Needs Of The Case.**

To respond to Plaintiff's requests for similar incidents at other clubs, and to search each of these 736 clubs would require the Defendant to run a search on a club-by-club basis, which would be overwhelmingly burdensome and costly. Exhibit H. Indeed, as affirmed by L.A. Fitness, each of the Defendant's 736 clubs were constructed at different time, with different plans, and different materials, which means that other facilities may not even be comparable to the one at issue. *Id*. The Defendant estimates that the initial search of each club could cost $10,000 to $15,000, plus an estimated $1,000 per club during a second, more in-depth review of

---

[4] Further, the only way to adequately respond to Plaintiff's deposition notice would be with the testimony of a high-ranking corporate officer who could speak to the general workings of the 736 locations—this person would lack first-hand knowledge of Plaintiff's incident and would have no involvement in the specific day-to-day operations giving rise to Plaintiff's suit. *See* Affidavit of Robert A. Wilson, attached hereto as Exhibit H. The further Plaintiff seeks to broaden his scope, the less a deponent will be able to discuss the actual facts of the case.

the materials initially found. *Id*. All of these requests are not directed to the key factors in this case, the slip and fall accident at 761 Main Street, Norwalk, Connecticut, on or about November 3, 2018.[5]

Any analysis of proportionality necessarily includes a consideration of the amount in controversy, the relevance of the information sought, the burden imposed upon the responding party and the scope of the requests. *See Utd. Therapeutics Corp. v. Watson Labs, Inc.*, 200 F. Supp. 3d 272, 280 (D. Mass. 2016). The amount in controversy in this case does not warrant such extensive, out-of-bounds discovery. While Plaintiff has not yet made a demand, prior pleadings indicate that Plaintiff has incurred $230,385.03 in medical bills today, primarily related to a hip replacement surgery. The information sought is not relevant to the underlying tort claim. The extensive list of topics and documents sought in this subpoena creates a significant burden, and cost, because it requires the deponent to search for a substantial number of documents and to prepare extensively on all of those topics, requiring significant preparation for a stranger to the case.

The scope of the requests, as discussed, is irrelevant, unlimited and onerous. Good cause is demonstrated. Given all of these factors, the deposition and subpoena should be quashed in this simple slip and fall case.

---

[5] One example of how this slippery slope leads to a non-proportional and costly endeavor is demonstrated here: If hypothetically, the initial search of all 735 clubs in a five year period prior to the accident revealed 50 possible incidents that could be similar, essentially 50 case studies or mini-trials are created because each of these hypothetical episodes must be examined for similar or dissimilar factors, including how the accident happened, what type of floor was present, whether there were any irregularities in the floor like improper draining or other human factors such as someone dropping shampoo or soap in an area prior to a slip. In turn, each case study may require witness interviews. Plans and layouts would have to be examined to obtain further information on types of floors and age of construction.  An endless, and costly, slippery slope leading nowhere.

C. **Plaintiff's Inclusion Of 49 Document Requests In Its Notice Of Deposition Violates His Agreement To Limit Document Requests To 25 In Number.**

Further, Plaintiff's attempt to compel L.A. Fitness to produce documents responsive to 49 wide-ranging categories is nothing more than a transparent attempt to circumvent existing discovery limitations that foreclose Plaintiff from serving document responses directly to L.A. Fitness. Specifically, in the parties' Rule 26(f) Report, the parties agreed to cap documents requests at 25. *See* Doc. No. 11 ("To the extent that the parties require interrogatories or production requests exceeding 25 in number, they will seek leave of court."). Here, Plaintiff did not follow proper discovery rules. Plaintiff's 49 document requests in the deposition subpoena clearly outnumber the agreed-upon limit. Additionally, Plaintiff's prior written requests initially asked for **two** years of information, which the Defendant agreed to produce. However, Plaintiff now requests the same information, but seeks **five** years leading up to the incident. Plaintiff had the opportunity to tailor his initial requests appropriately, and chose not to do so. Therefore, Plaintiff's subpoena should be quashed as duplicative and an attempt to circumvent existing discovery limitations. *See Dongguk, supra* at 74.

D. **The Notice Of Deposition Improperly Requests The Person "Most Knowledgeable" To Appear, Contravening The Standard Set Forth In The Federal Rule For Corporate Depositions.**

The subject Notice of Deposition requires Person Most Knowledgable at L.A. Fitness to appear and testify at to Plaintiff's categories. This is not and never has been the law. *See Estate of Rosado-Rosario v. Falken Tire Corp.*, 319 F.R.D. 71, 74 (D.P.R. 2016) ("The selected individual need not be the 'most knowledgeable individual' regarding a designated subject."), *citing Rodriguez v. Pataki*, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003) (Maas, J.). Rather, the rule requires a deponent to testify as to information "known or reasonably available" to the corporation. *See* Fed. R. Civ. P. 30(b)(6); *see also Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D.

9

226, 229 (S.D.N.Y. 2015) (Maas, J.) ("[I]t is settled law that a party need not produce the organizational representative with the greatest knowledge about a subject; instead, it need only produce a person with knowledge whose testimony will be binding on the party." )

The Defendant requests an Order that any Notice of Deposition issued by Plaintiff for a 30(b)(6) deposition reference the correct standard by which a company representative is held to testify.

## CONCLUSION

WHEREFORE, Defendant Fitness International, LLC d/b/a L.A. Fitness respectfully requests that this court quash Plaintiff's notice of deposition for L.A. Fitness' corporate designee.

Respectfully submitted,
Defendant,
FITNESS INTERNATIONAL, LLC
D/B/A L.A. FITNESS
By its attorneys

_____
Benjamin H. Levites, ct30481
Kevin J. O'Leary, ct30271
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
koleary@coughlinbetke.com
blevites@coughlinbetke.com

## CERTIFICATE OF SERVICE

I, Benjamin Levites, certify that a copy of this document was or will immediately be mailed or delivered electronically on February 12, 2021 to all attorneys and self-represented parties of record:

Frank J. McCoy, Jr., Esq.
McCoy & McCoy, LLC
20 Church Street, 17th Flr.
Hartford, CT 06103
efile@mccoymccoy.com
frank@mccoymccoy.com

_____
Benjamin H. Levites (ct30271)