**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH D'AGOSTIN,<br>　　　　　Plaintiff,<br><br>v.<br><br>FITNESS INTERNATIONAL, LLC<br>D/B/A L.A. FITNESS<br>　　　　　Defendant. | )　Civil Action No. 3:20-cv-01657-KAD<br>)<br>)<br>)<br>)　JANUARY 22, 2021<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF CORPORATE 30(B)(6) DEPOSITION OF DEFENDANT
FITNESS INTERNATIONAL, LLC D/B/A L.A. FITNESS**

PLEASE TAKE NOTICE, pursuant to FRCP 30(b)(6), that the undersigned will take the testimony of a corporate designee on behalf of Fitness International, LLC, d/b/a/ L.A. Fitness, **on FEBRUARY 17, 2021, 10AM Eastern Standard Time, at the Law Office of McCoy & McCoy, 20 Church Street 17th Floor, Hartford, CT 06103,** or via simultaneous voice and video conferencing software, or at such other date, place and time as mutually agreed to by the parties. The deposition may be recorded by a stenographer and by videotape recording for discovery, use at trial, and any other purpose allowed by law.

When used in this Notice, the terms "Defendant" and "you" and any synonym or plural thereof and derivatives therefrom are intended to and shall embrace and include the above-named Defendant, Fitness International, LLC, d/b/a/ L.A. Fitness, and, in addition, counsel for Defendant, Fitness International, LLC, d/b/a/ L.A. Fitness, and all agents, masters, servants, associates, employees, representatives, private investigators, retained experts, insurers and

1

others who are or have been in possession of, or who may have obtained, information for or on your behalf.

The term "incident" means the event of November 3, 2018, when the Plaintiff was lawfully on the premises located at 761 Main Street, Norwalk, Connecticut owned, controlled, possessed, managed and/or maintained by the Defendant, Fitness International, LLC, d/b/a L.A. Fitness. The Plaintiff, Joseph D'Agostin, was in the men's locker room when he was caused to fall by the dangerous and defective condition therein existing, a wet tile floor, and suffered serious injuries, losses, and damages.

As used herein, the word "person" shall mean an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

As used herein, the word "date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

The term "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, emails, lists and correspondence, whether or not in your possession or under your immediate control (insofar as this Notice is concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

The term "identify" or "identity" used in conjunction with "documents" shall mean the date of the same, its author and sender (if appropriate), its intended recipient (if appropriate), and a general statement of the form and content of each such document reflecting the contents of the same and the identity of its custodian.

The term "identify", or "identity" when used in conjunction with a request for the identity of a "person" shall mean to state the person's complete name, home address, home phone, business address, business phone, and job description if employed by you.

Pursuant to the FRCP 30(b)(6), Defendant Fitness International, LLC, d/b/a L.A. Fitness is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, concerning the subject matters set forth below as follows:

1. Any documents referencing what person(s), entity or party was exercising any control and/or maintenance over the area of this incident referred to in the Complaint for the two (2) years prior to and including the date of the accident up to the present time; including, but not limited to contracts, writings, maintenance reports, inspection reports, work reports/orders or memoranda relative to third parties as well as the duties and responsibilities for said parties;

2. Any documents relating in any way to any prior incidents similar to those alleged in the Plaintiff's Complaint at this location for the five (5) years prior to and including the date of the accident and subsequent incidents;

3. Names of all professional organizations Fitness International, LLC d/b/a L.A. Fitness are members of;

4. Names and titles of all management personnel and the professional organizations they individually belong to;

5. Any and all inspection and/or work reports and/or documentation regarding actual work performed in the 3 months leading up to incident in the area of this incident involving the floor area and/or tiling of the men's locker room;

6. Any site plan of the area of the accident;

7. Any club floor plan;

3

8. Any and all checks and/or billing invoices to or from any entity who performed any service at or near the area of this accident in the 3 months leading up to the date of accident and through the present date;

9. Any work orders for the area of this accident for the 3 months preceding the accident until the present involving the floor area and/or tiling of the men's locker room;

10. Any maintenance contracts to or from any entity who performed any service at this location for the 3 months leading up to and including the date of accident involving the floor area and/or tiling of the men's locker room;

11. Sample(s) of floor tile and/or replacement tiles for the area of this accident;

12. Sample(s) of mats used for the area of this accident;

13. How long the mats were used in the locker room;

14. Any policies and/or procedures involving the cleaning, replacing, and/or maintenance of the mats and floors in the locker rooms;

15. Which facilities utilize mats or other non-skid or non-slip implements in their locker rooms;

16. Which facilities utilize different measures other than mats or non-skid or non-slip implements to prevent slips and falls in the locker room and what those measures are;

17. What caused this accident and the circumstances surrounding this accident;

18. Any remedial actions taken in response to this incident;

19. Maintenance schedule for the area of this incident;

20. The physical condition of the area of the accident on the last occasion anyone inspected the area before this incident;

21. The lighting conditions that existed in the area of the incident at the time of the incident;

22. Any warnings near the area of the incident prior to the incident;

23. All efforts made by the Defendant to assess the danger in all of their locations for slip and falls, and/or slip and falls involving substances and/or items on the locker room floors;

24. Any compilation of incidents involving slip and fall incidents in the locker rooms, including but not limited to written reports, for the five (5) years preceding this accident;

25. Any compilation of incidents involving slip and fall incidents in the locker rooms, including but not limited to written reports, for the five (5) years preceding this accident and any and all documentation regarding the severity of the injuries involved;

4

26. All reported safety incidents involving slip and fall incidents in the locker rooms, including but not limited to incident reports, for the five (5) years preceding this accident;

27. All steps taken to lower the risk of said dangers involving slip and fall incidents in the locker rooms to the general public;

28. Prior accidents, in all of the Defendant's locations, in the five (5) years leading up to the date of this incident involving slip and falls in the locker rooms;

29. Any and all lawsuits brought against Fitness International, LLC d/b/a L.A. Fitness relating in any way to any prior incidents similar to those alleged in the Plaintiff's Complaint at this location for the five (5) years prior to and including the date of the accident and subsequent incidents;

30. Any and all lawsuits brought against Fitness International, LLC d/b/a L.A. Fitness relating in any way to any prior incidents similar to those alleged in the Plaintiff's Complaint at other locations for the five (5) years prior to and including the date of the accident and subsequent incidents;

31. Store operations manual in effect for the 5 years leading up to this incident through the present;

32. Employee manuals or handbooks in effect for the 5 years leading up to this incident through the present;

33. Job descriptions for all employees at the place of the incident;

34. Store or corporate safety manual in effect for the 5 years leading up to this incident through the present;

35. Store maintenance manual in effect for the 5 years leading up to this incident through the present;

36. Policies and procedures manual in effect for the 5 years leading up to this incident through the present;

37. Store bulletins or advisories regarding locker room safety for the 5 years leading up to this incident through the present;

38. Overall safety plan for not just this store but all stores in effect for the 5 years leading up to this incident through the present;

39. All training that employees get at this location with regard to monitoring and maintaining the locker room area for hazards such as, but not limited to, water collecting on the floor and/or slippery conditions in effect for the 5 years leading up to this incident through the present;

5

40. All training employees get at this location to prevent customer's injury when water is present on the floor and/or when slippery conditions exist in effect for the 5 years leading up to this incident through the present;

41. All training that employees get at other locations with regard to monitoring and maintaining the locker room area for hazards such as, but not limited to, water collecting on the floor and/or slippery conditions in effect for the 5 years leading up to this incident through the present;

42. All training employees get at other locations to prevent customer's injury when water is present on the floor and/or when slippery conditions exist in effect for the 5 years leading up to this incident through the present;

43. Policy and/or policies regarding all safety requirements for the locker room area at this location in effect for the 5 years leading up to this incident through the present;

44. Policy and/or policies regarding all safety requirements for the locker room area at other locations in effect for the 5 years leading up to this incident through the present;

45. Names and last known address of all persons known to be working at the time of this incident;

46. Names and titles of all employees known to be working at the time of this incident;

47. All steps taken to preserve any evidence in this case and when those steps were taken;

48. Any letters received requesting any preservation of evidence;

49. What happened to any evidence not now in your possession.

### Request for Production of Documents

Plaintiff also requests that the Defendant produce the following documents:

1. Any documents referencing what person(s), entity or party was exercising any control and/or maintenance over the area of this incident referred to in the Complaint for the two (2) years prior to and including the date of the accident up to the present time; including, but not limited to contracts, writings, maintenance reports, inspection reports, work reports/orders or memoranda relative to third parties as well as the duties and responsibilities for said parties;

2. Any documents relating in any way to any prior incidents similar to those alleged in the Plaintiff's Complaint at this location for the five (5) years prior to and including the date of the accident and subsequent incidents;

6

3. Names of all professional organizations Fitness International, LLC d/b/a L.A. Fitness are members of;

4. Names and titles of all management personnel and the professional organizations they individually belong to;

5. Any and all inspection and/or work reports and/or documentation regarding actual work performed in the 3 months leading up to incident in the area of this incident involving the floor area and/or tiling of the men's locker room;

6. Any site plan of the area of the accident;

7. Any club floor plan;

8. Any and all checks and/or billing invoices to or from any entity who performed any service at or near the area of this accident in the 3 months leading up to the date of accident and through the present date;

9. Any work orders for the area of this accident for the 3 months preceding the accident until the present involving the floor area and/or tiling of the men's locker room;

10. Any maintenance contracts to or from any entity who performed any service at this location for the 3 months leading up to and including the date of accident involving the floor area and/or tiling of the men's locker room;

11. Sample(s) of floor tile and/or replacement tiles for the area of this accident;

12. Sample(s) of mats used for the area of this accident;

13. Any documents relating to how long the mats were used in the locker room;

14. Any documents relating to policies and/or procedures involving the cleaning, replacing, and/or maintenance of the mats and floors in the locker room;

15. Any documents relating to which facilities utilize mats or other non-skid or non-slip implements in their locker rooms;

16. Any documents relating to which facilities utilize different measures other than mats or non-skid or non-slip implements to prevent slips and falls in the locker room and what those measures are;

17. Tangible evidence of what caused this accident and the circumstances surrounding this accident;

18. Tangible evidence of remedial actions taken in response to this incident;

19. Tangible evidence of a maintenance schedule for the area of this incident;

20. Tangible evidence of the physical condition of the area of the accident on the last occasion anyone inspected the area before this incident;

21. Tangible evidence of the lighting conditions that existed in the area of the incident at the time of the incident;

22. Tangible evidence of any warnings near the area of the incident prior to the incident;

23. Tangible evidence of all efforts made by the Defendant to assess the danger in all of their locations for slip and falls, and/or slip and falls involving substances and/or items on the locker room floors;

24. Tangible evidence of any compilation of incidents involving slip and fall incidents in the locker rooms including but not limited to written reports, for the five (5) years preceding this accident;

25. Tangible evidence of any compilation of incidents involving slip and fall incidents in the locker rooms including but not limited to written reports, for the five (5) years preceding this accident and any and all documentation regarding the severity of the injuries involved;

26. Tangible evidence of all reported safety incidents involving slip and fall incidents in the locker rooms including but not limited to incident reports, for the five (5) years preceding this accident;

27. Tangible evidence of all steps taken to lower the risk of said dangers involving slip and fall incidents in the locker rooms to the general public;

28. Any documents relating to prior accidents, in all of the Defendant's locations, in the five (5) years leading up to the date of this incident involving slip and falls in the locker rooms;

29. Any documents relating to any and all lawsuits brought against Fitness International, LLC d/b/a L.A. Fitness relating in any way to any prior incidents similar to those alleged in the Plaintiff's Complaint at this location for the five (5) years prior to and including the date of the accident and subsequent incidents;

30. Any documents relating to any and all lawsuits brought against Fitness International, LLC d/b/a L.A. Fitness relating in any way to any prior incidents similar to those alleged in the Plaintiff's Complaint at other locations for the five (5) years prior to and including the date of the accident and subsequent incidents;

31. Store operations manual in effect for the 5 years leading up to this incident through the present;

32. Employee manuals or handbooks in effect for the 5 years leading up to this incident through the present;

33. Job descriptions for all employees at the place of the incident;

8

34. Store or corporate safety manual in effect for the 5 years leading up to this incident through the present;

35. Store maintenance manual in effect for the 5 years leading up to this incident through the present;

36. Policies and procedures manual in effect for the 5 years leading up to this incident through the present;

37. Store bulletins or advisories regarding locker room safety for the 5 years leading up to this incident through the present;

38. Overall safety plan for not just this store but all stores in effect for the 5 years leading up to this incident through the present;

39. Any materials relating to all training that employees get at this location with regard to monitoring and maintaining the locker room area for hazards such as, but not limited to, water collecting on the floor and/or slippery conditions in effect for the 5 years leading up to this incident through the present;

40. Any materials relating to all training employees get at this location to prevent customer's injury when water is present on the floor and/or when slippery conditions exist in effect for the 5 years leading up to this incident through the present;

41. Any materials relating to all training that employees get at other locations with regard to monitoring and maintaining the locker room area for hazards such as, but not limited to, water collecting on the floor and/or slippery conditions in effect for the 5 years leading up to this incident through the present;

42. Any materials relating to all training employees get at other locations to prevent customer's injury when water is present on the floor and/or when slippery conditions exist in effect for the 5 years leading up to this incident through the present;

43. Policy and/or policies regarding all safety requirements for the locker room area at this location in effect for the 5 years leading up to this incident through the present;

44. Policy and/or policies regarding all safety requirements for the locker room area at other locations in effect for the 5 years leading up to this incident through the present;

45. Names and last known address of all persons known to be working at the time of this incident;

46. Names and titles of all employees known to be working at the time of this incident;

47. All steps taken to preserve any evidence in this case and when those steps were taken;

48. Any letters received requesting any preservation of evidence;

49. Documentation of what happened to any evidence not now in your possession.

9

ALL DOCUMENTATION MUST BE PROVIDED IN ALL FORMS AVAILABLE INCLUDING BUT NOT LIMITED TO ORIGINAL NATIVE ELECTRONIC FORM.

**It is further requested that said materials requested be provided to this office by regular mail or email at efile@mccoymccoy.com 3 business days prior to this deposition to expedite the reviewing and copying of the production before the deposition begins.**

This 15th day of January, 2021.

Respectfully submitted,

*Attorney for the Plaintiff*

*/s/ Frank J. McCoy, Jr.*

---

FRANK J. MCCOY, JR.
MCCOY & MCCOY, LLC.
Federal Bar No. CT 08444
20 Church Street
Suite 1720
Hartford, CT 06103
860-244-9100 (Telephone)
860-244-9200 (Fax)
efile@mccoymccoy.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2021 I sent via email attachment and the electronic filing system the foregoing document to the following individuals:

Coughlin Betke, LLP.
175 Federal Street
Suite 1450
Boston, MA  02110
617-988-8045
Kevin J. O'Leary
koleary@coughlinbetke.com
Emily Chadbourne
echadbourne@coughlinbetke.com
Benjamin Levites
blevites@coughlinbetke.com

*Attorney for the Plaintiff*

*/s/ Frank J. McCoy, Jr.*

FRANK J. MCCOY, JR.
MCCOY & MCCOY, LLC.
Federal Bar No. CT08444
20 Church Street
Suite 1720
Hartford, CT 06103
860-244-9100 (Telephone)
860-244-9200 (Fax)
efile@mccoymccoy.com