**EXHIBIT B**

DOCKET NO: FST-CV-20-6048103-S : SUPERIOR COURT
: 
JOSEPH D'AGOSTIN : JUDICIAL DISTRICT OF
: 
V. : STAMFORD/NORWALK
: 
FITNESS INTERNATIONAL LLC D/B/A L.A. : September 3, 2020
FITNESS :
: 

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE THAT**, pursuant to Sections 13-27 through 13-32, of the Connecticut Practice Book, the Plaintiff in the entitled action will take the Deposition of **FITNESS INTERNATIONAL LLC**. Please produce and designate the Most Knowledgeable Person or Persons with regard to the below outlined subject matter for which to testify on behalf of **FITNESS INTERNATIONAL LLC.** for the purpose of Discovery and/or use at trial thereof, on **Wednesday, December 16, 2020** at **10:00 AM,** before Cassian Reporting at **the Law Offices of McCoy & McCoy, 20 Church Street 17th Floor, Hartford, CT 06103**. This deposition may be videotaped.

The Plaintiff requests the designation of such person or persons to appear at said deposition, on behalf of Fitness International LLC, most knowledgeable about the following areas of inquiry and can answer the following questions and has access to the following materials:

1. Any documents referencing what person(s), entity or party was exercising any control and/or maintenance over the area of this incident referred to in the Complaint for the two (2) years prior to and including the date of the accident up to the present time; including, but not limited to contracts, writings, maintenance reports, inspection reports, work reports/orders or memoranda relative to third parties as well as the duties and responsibilities for said parties;

2. Any documents relating in any way to any prior incidents similar to those alleged in the Plaintiff's Complaint at this location for the five (5) years prior to and including the date of the accident and subsequent incidents; *(this request differs from standard in that it asks for an incidents as opposed to written complaints; many incidents do not arise to a complaint);*

McCOY & McCOY, L.L.C. • ATTORNEYS AT LAW
(860) 244-9100 • JURIS NO. 423944

3. Any and all inspection and/or work reports and/or documentation regarding actual work performed in the 24 months leading up to incident in the area of this incident;

4. Any site plan of the area of the accident;

5. Any and all checks and/or billing invoices to or from any entity who performed any service at or near the area of this accident in the 24 months leading up to the date of accident and through the present date;

6. Any work orders for the area of this accident for the 24 months preceding the accident until the present;

7. What caused this accident and the circumstances surrounding this accident;

8. Any remedial actions taken in response to this incident;

9. The physical condition of the area of the accident on the last occasion anyone inspected the area before this incident;

10. The lighting conditions that existed in the area of the incident at the time of the incident;

11. Any warnings near the area of the incident prior to the incident;

12. All efforts made by the Defendant to assess the danger in all of their locations for slip and falls, and/or slip and falls involving substances and/or items on the floor;

13. Any compilation of incidents outlined in Question #12, for the 5 years preceding this accident;

14. Any compilation of incidents outlined in Question #12, for the 5 years preceding this accident and the severity of the injuries involved;

15. All steps taken to lower the risk of said dangers, outlined in Question #12, to the general public;

16. Prior accidents, in all of the Defendant's locations, in the 5 years leading up to the date of this incident, involving a "substantially similar";
    a. mode of operation; or
    b. cause of this accident (as alleged by the plaintiff in this case);
    *(the number and nature of the prior injuries involving substantially similar conduct or conditions is necessary to establish the gravity of the harm that this conduct causes; an essential element for the jury to assess in determining if the conduct of the defendant was reasonable) Connecticut Civil Jury Instructions § 3.6-4 Reasonable Care*

McCOY & McCOY, LLC. • ATTORNEYS AT LAW
(860) 244-9100 • JURIS NO. 423944

17.    Store operations manual;

18.    Employee manuals or handbooks;

19.    Store or corporate safety manual;

20.    Store maintenance manual;

21.    Store bulletins or advisories regarding safety;

22.    Overall safety plan for not just this store but all stores;

23.    All training that employees get at this location with regard to monitoring and maintaining the locker room area for hazards such as, but not limited to, water collecting on the floor and/or slippery conditions;

24.    All training employees get at this location to prevent customer's injury when water is present on the floor and/or when slippery conditions exist;

25.    All training that employees get at other locations with regard to monitoring and maintaining the locker room area for hazards such as, but not limited to, water collecting on the floor and/or slippery conditions;

26.    All training employees get at other locations to prevent customer's injury when water is present on the floor and/or when slippery conditions exist;

27.    Policy and/or policies regarding all safety requirements for the locker room area at this location;

28.    Policy and/or policies regarding all safety requirements for the locker room area at other locations;

29.    Names and last known address of all persons known to be working at the time of this incident;

30.    All steps taken to preserve any evidence in this case and when those steps were taken;

31.    Any letters received requesting any preservation of evidence;

32.    What happened to any evidence not now in your possession.

Pursuant to Connecticut Practice Book Sections 13-27, the Plaintiff hereby requests that the deponent(s) bring and produce at the time of the deposition documentation relating to the following materials and subjects:

1.  Any documents referencing what person(s), entity or party was exercising any control and/or maintenance over the area of this incident referred to in the Complaint for the two (2) years prior to and including the date of the accident up to the present time; including, but not limited to contracts, writings, maintenance reports, inspection reports, work reports/orders or memoranda relative to third parties as well as the duties and responsibilities for said parties;

2.  Any documents relating in any way to any prior incidents similar to those alleged in the Plaintiff's Complaint at this location for the five (5) years prior to and including the date of the accident and subsequent incidents; *(this request differs from standard in that it asks for an incidents as opposed to written complaints; many incidents do not arise to a complaint)*

3.  Any and all inspection and/or work reports and/or documentation regarding actual work performed in the 24 months leading up to incident in the area of this incident;

4.  Any site plan of the area of the accident;

5.  Any and all checks and/or billing invoices to or from any entity who performed any service at or near the area of this accident in the 24 months leading up to the date of accident and through the present date;

6.  Any work orders for the area of this accident for the 24 months preceding the accident until the present;

7.  Tangible evidence of what caused this accident and the circumstances surrounding this accident;

8.  Tangible evidence of remedial actions taken in response to this incident;

9.  Tangible evidence of the physical condition of the area of the accident on the last occasion anyone inspected the area before this incident;

10. Tangible evidence of the lighting conditions that existed in the area of the incident at the time of the incident;

11. Tangible evidence of any warnings near the area of the incident prior to the incident;

12. Prior accidents, in all of the defendant's stores, in the 24 months leading up to the date of this incident, involving a "substantially similar"

a. mode of operation; or

b. cause of this accident (as alleged by the plaintiff in this case);
   *(the number and nature of the prior injuries involving substantially similar conduct or conditions is necessary to establish the gravity of the harm that this conduct causes; an essential element for the jury to assess in determining if the conduct of the defendant was reasonable) Connecticut Civil Jury Instructions § 3.6-4 Reasonable Care*

13. Store operations manual;

14. Employee manuals or handbooks;

15. Store or corporate safety manual;

16. Store maintenance manual;

17. Store bulletins or advisories regarding safety;

18. Overall safety plan for not just this store but all stores;

19. All training that employees get at this location with regard to monitoring and maintaining the locker room area for hazards such as, but not limited to, water collecting on the floor and/or slippery conditions;

20. All training employees get at this location to prevent customer's injury when water is present on the floor and/or when slippery conditions exist;

21. All training that employees get at other locations with regard to monitoring and maintaining the locker room area for hazards such as, but not limited to, water collecting on the floor and/or slippery conditions;

22. All training employees get at other locations to prevent customer's injury when water is present on the floor and/or when slippery conditions exist;

23. Policy and/or policies regarding all safety requirements for the locker room area at this location;

24. Policy and/or policies regarding all safety requirements for the locker room area at other locations;

25. Names and last known address of all persons known to be working at the time of this incident;

26. All steps taken to preserve any evidence in this case and when those steps were taken;

27. Any letters received requesting any preservation of evidence;

McCOY & McCOY, LLC. • ATTORNEYS AT LAW
(860) 244-9100 • JURIS NO. 423944

28.     What happened to any evidence not now in your possession.


ALL DOCUMENTATION MUST BE PROVIDED IN ALL FORMS AVAILABLE INCLUDING BUT NOT LIMITED TO ORIGINAL NATIVE ELECTRONIC FORM.

**It is further requested that said materials requested be provided to this office by regular mail or email at efile@mccoymccoy.com 3 business days prior to this deposition to expedite the reviewing and copying of the production before the deposition begins.**

                                PLAINTIFF,
                                Joseph D'Agostin


                                BY: /s/ 403418_____
                                Frank J. McCoy
                                McCoy & McCoy LLC
                                20 Church Street
                                17th Floor, Suite 1720
                                Hartford, CT 06103
                                Juris No. 423944
                                Tele. No. (860) 244-9100
                                Fax No.   (860) 244-9200

## **CERTIFICATION**

I certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on September 3, 2020 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

Coughlin Betke, LLP.
Kevin J. O'Leary
175 Federal Street
Suite 1450
Boston, MA  02110
617-988-8045
koleary@coughlinbetke.com

/s/ 403418
Frank J. McCoy

McCOY & McCOY, LLC. • ATTORNEYS AT LAW
(860) 244-9100 • JURIS NO. 423944