# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH D'AGOSTIN,       ) | Civil Action No. |
| *Plaintiff,*                    ) | 3:20-cv-01657-KAD |
|                                     ) | |
| v.                               ) | |
|                                     ) | |
| FITNESS INTERNATIONAL, LLC  ) | FEBRUARY 25, 2021 |
| D/B/A L.A. FITNESS        ) | |
| *Defendant*              ) | |
|                                     ) | |
|                                     ) | |
|                                     ) | |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO QUASH 30(B)(6) DEPOSITION OF DEFENDANT, FITNESS INTERNATIONAL, LLC D/B/A L.A. FITNESS

### I.  BACKGROUND

This case was filed in the Connecticut Superior Court District of Fairfield/Norwalk on August 21, 2020. At that time the plaintiff served "standard" Interrogatories and Requests for Production upon the defendant. Standard Interrogatories in State Court are unobjectionable; meaning that each side must produce the documents requested. After these were sent out, the defendant moved for the transfer of this case to Connecticut District Court. To try to reduce some duplication, the plaintiff suggested that we honor the State Court discovery without prejudice to requesting additional discovery as needed. The Plaintiff believed this to be the agreement, however, there may have been some miscommunication as the defendant subsequently objected to several of the "standard" requests. I believe those issues have been resolved by agreement.

On September 3, 2020, the Plaintiff served a set of standard Interrogatories and Requests for Production on the Defendant.

On September 17, 2020, the Plaintiff noticed the deposition of the Corporate Entity, Fitness

1

International, LLC DBA LA Fitness Pursuant to Connecticut Practice Book §13-27(g) and (h) which permits the taking of a party's deposition and specifying the subject matters that may be covered. Practice Book §13-27(a) permits a deposition notice of "a general description sufficient to identify such person…" This is similar to the Federal 30(b)(6) deposition with some differences. One of the differences is that you may notice the person most knowledgeable about a subject. This was done while this case was still pending in State Court. This Deposition was scheduled to take place on December 16, 2020

. On November 3, 2020 the defendant removed this case to Federal Court. Therefore, the Deposition scheduled for December 16, 2020 was cancelled and a new notice of deposition was sent out on January 15, 2021. This new notice of deposition was no longer done under the state court rules cited above, but now the Notice of Deposition was sent out pursuant to FRCP Section 30(b)(6). On January 22, 2021, after receiving the defendant's objections, the Plaintiff revised the notice of deposition in an attempt to comply with many of the defendant's objections and anticipated objections. That notice never mentioned "most knowledgeable" as alleged by the defendant. To the plaintiff's knowledge the procedures of the notice were done properly.

Because of the several changes in the initial Request for Production and two subsequent notices of deposition, there may have been some slight overlap. The plaintiff's suggestion was just to ignore any requests that may have overlapped some prior requests, as the overlap wasn't extensive.

**II.   ARGUMENT**

**A. The Plaintiff's Requests are Proportional to the needs of the case**

   1. Other Similar Accidents are highly relevant

This case is about the defendant's failure to provide protective mats in the area of the

locker room, when they had knowledge of many other similar accidents. This evidence is highly relevant and thus an essential need in this case. This evidence would not only show that the practice of allowing locker rooms to not have mats is dangerous, but it is also relevant to show the defendant had notice of this dangerous practice, but continued to not take reasonable steps in managing the locker rooms with non-skid matting.

In order for the jury to weigh the conduct of the defendant, the gravity of the harm must be considered. In order to understand the gravity of the harm, we must know the extent of the danger and how pervasive this danger is across the defendant's business. "Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised." Connecticut Civil Jury Instructions § 3.6-4 Reasonable Care. Therefore, other similar accidents, are essential to the jury in one of their primary responsibilities; how much care ought the defendant to have exercised.

There is an issue as to notice of the defect. In order to prove notice, the plaintiff needs additional information regarding, amongst other things, prior similar accidents. This is needed to prove that the defendant knew of the unsafe condition of the locker rooms.

"Mode of Operation" is another theory alleged in the Plaintiff's Complaint, and as such it is the plaintiff's burden to prove that the mode of operation created a foreseeable risk. In order to establish this, the plaintiff must obtain information of all the injuries sustained due to this mode of operation. the plaintiff must prove: 1.) That this mode of operation gave rise to a foreseeable risk of injury to customers [or other invitees], 2.) That the defendant failed to exercise reasonable care to avoid foreseeable accidents created by this mode of operation, and 3.) That the plaintiff's injury was proximately caused by such failure. Connecticut Civil Jury Instructions § 3.9-17 Commercial

Mode of Operation; *Kelly v. Stop & Shop, Inc.*, 281 Conn. 768, 790 (2007) ; *Fisher v. Big Y Foods, Inc.*, 298 Conn. 414 (2010)

2. Amount in controversy and important issues are significant

The Plaintiff has incurred $230,000 worth of medical expenses and a hip replacement with associated limitations and pain. These are significant injuries and significant economic damages and ultimately, this case could get into the seven figures. The issues involving how LA Fitness maintains their facilities throughout the World are also significant and will affect many people.

3. Burdensomeness vs Benefit

The cost of obtaining this information is outweighed by the potential benefit. Just as the plaintiff must meet the low burden that the requested discovery may lead to admissible evidence, the defendant must meet their burden of showing that these requests are "unduly" burdensome.

This evidence is directly relevant to the issues in this case and any cost of obtaining the information can be best borne by the defendant. The defendant is a billion-dollar company, and although the estimate of the cost of this research at $10-15,000 is something to weight, it is a very small amount compared to the company revenues of over 2 billion. Arguably, the information the plaintiff is asking for is information that the defendant should keep track of anyways, for safety.  The defendant is clearly in the best position of the parties to absorb that cost.

It has been reported publicly that Fitness International, LLC has revenue of over 2 billion in 2019. They have a responsibility to respond to requests regarding the conduct of all of their stores and with no showing that this is unduly burdensome for Fitness International, LLC, they should be

required to respond to any and all requests including the ones directed at other incidents as they are needed to prove the Plaintiff's case.

### B. The Plaintiff's 26(f) self-imposed limitation of 25 requests was filed by mistake

Although not mentioned at the meet and confer discussion, defense points to the 26(f) Report and the self-imposed limitation of 25 Requests for Production. After reading the defense counsel's objection, I noticed that the defendant had placed this document production limitation in the 26(f) Report. We had never discussed that limitation prior to the report being filed and I had not noticed that the word "documents" had been placed in the interrogatory limitations paragraph. In every other case I've had in Federal Court, we have always agreed to the interrogatory limits but never touched on the production issue since there were no limits on production. Therefore, I did not notice the words "or production" in the 26(f) Report. I do not recite this history to in anyway imply that defense counsel "slipped it in", because I don't believe that was the case and I know it is my responsibility to notice every word of the 26(f) Report. I give this history to explain why I inadvertently did not see the limitation in the Report; therefore, I am moving that the 26(f) report be amended so as to take out any limitations of the parties request for production.

In Conclusion, in order to enable the plaintiff to adequately prepare this action for trial, the plaintiff objects to the defendant's Motion to Quash and prays that he is to be permitted to conduct the 30(b)(6) Deposition with the requested documents produced by the defendant.

**This 25th day of February, 2021**

Respectfully submitted,

*Attorney for the Plaintiff*

*/s/ Frank J. McCoy, Jr.*

FRANK J. MCCOY, JR.
MCCOY & MCCOY, LLC.
Federal Bar No. CT 08444
20 Church Street
Suite 1720
Hartford, CT 06103
860-244-9100 (Telephone)
860-244-9200 (Fax)
efile@mccoymccoy.com

CERTIFICATE OF SERVICE

      I hereby certify that on February 25, 2021 I sent via email attachment and the electronic filing system the foregoing document to the following individuals:

Coughlin Betke, LLP  
Kevin J. O'Leary, Esq.  
koleary@coughlinbetke.com  
Emily Chadbourne, Esq.  
echadbourne@coughlinbetke.com  
Benjamin Levites, Esq.  
blevites@coughlinbetke.com  
175 Federal Street, Suite 1450  
Boston, MA 02110  
617-988-8045  

*Attorney for the Plaintiff,*

*/s/ Frank J. McCoy, Jr.*

FRANK J. MCCOY, JR.  
MCCOY & MCCOY, LLC.  
Federal Bar No. CT08444  
20 Church Street  
Suite 1720  
Hartford, CT 06103  
860-244-9100 (Telephone)  
860-244-9200 (Fax)  
efile@mccoymccoy.com