```
                              UNITED STATES DISTRICT COURT
                                 DISTRICT OF CONNECTICUT

------------------------------x
                              :
JOSEPH D'AGOSTIN              :     Civ. No. 3:20CV01657(KAD)
                              :
v.                            :
                              :
FITNESS INTERNATIONAL, LLC    :
d/b/a L.A. FITNESS            :     March 18, 2021
                              :
------------------------------x
```

**RULING ON DEFENDANT'S MOTION TO QUASH [Doc. #16]**

Defendant Fitness International, LLC (hereinafter "defendant" or "L.A. Fitness") has filed a Motion to Quash the Notice of Deposition of Corporate Designee served by plaintiff Joseph D'Agostin ("plaintiff"). [Doc. #16]. Plaintiff has filed an objection to defendant's motion. [Doc. #23]. On February 16, 2021, Judge Kari A. Dooley referred defendant's motion to the undersigned. See Doc. #19. On March 8, 2021, the undersigned held a telephonic discovery conference. See Docs. #27, #30. At the conclusion of that conference, the Court ordered counsel to meet and confer in an attempt to reach an agreement on the scope of defendant's 30(b)(6) deposition and documents to be produced by the deponent. See Doc. #29. On March 15, 2021, counsel reported to the Court by email that they had failed to reach an agreement. Instead, the parties provided competing proposals for

the appropriate scope of defendant's 30(b)(6) deposition and documents to be produced by the deponent.[1]

Having considered the parties' arguments and March 15, 2021, email submission, and for the reasons stated below, the Court **GRANTS, in part, and DENIES, in part**, defendant's Motion to Quash [**Doc. #16**].

**A.   Background**

Plaintiff brings this premises liability action against defendant for injuries plaintiff allegedly sustained in a slip-and-fall accident at defendant's Norwalk, Connecticut fitness club. See generally Doc. #1-1. Plaintiff asserts that as a result of defendant's negligence, he slipped and fell on wet tile in the men's locker room and "suffered from pain, and injuries to his right hip[.]" Id. at 4.

On January 22, 2021, plaintiff served defendant with a Notice of Corporate 30(b)(6) Deposition of Defendant Fitness International, LLC d/b/a L.A. Fitness (hereinafter the "30(b)(6) Notice").[2] See Doc. #17-1. The 30(b)(6) Notice seeks testimony and production of documents on 49 different subjects, many of which relate to defendant's other locations, around the country.

---

[1] A copy of the email from counsel describing their competing proposals is attached hereto as Appendix A.

[2] Before this action was removed to federal court, plaintiff had served a Notice of Deposition of defendant pursuant to the Connecticut Practice Book. See Doc. #17-2.

See generally Doc. #17-1. Despite counsel's pre-filing meet and confer efforts, the parties have been unable to resolve two of defendant's objections to plaintiff's 30(b)(6) Notice, specifically: (1) that the 30(b)(6) Notice should be limited to information from the fitness club where the incident occurred; and (2) that the 30(b)(6) Notice should be limited to seeking two years of information, rather than five. See Doc. #17 at 4; see also Doc. #18 at 1. Accordingly, defendant "moves under Federal Rule of Civil Procedure 26(c) for a protective order to quash Plaintiff's deposition subpoena of [defendant's] corporate representative[.]" Doc. #17 at 1.[3]

**B.   Legal Standard**

"Like other forms of discovery, a Rule 30(b)(6) Notice is subject to limitations under Rule 26 of the Federal Rules of Civil Procedure." Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 72 (D. Conn. 2010). Accordingly, "[t]he deposition topics must be relevant to any party's claim or defense[,] ... should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity." Bigsby v. Barclays Capital Real Estate, Inc., 329 F.R.D. 78, 81

---

[3] Because defendant moves for a protective order and refers to Rule 26(c) throughout its memorandum, see generally Doc. #17, the Court construes defendant's motion as seeking a protective order rather than an order pursuant to Rule 45(d)(3). Indeed, the notice at issue is just that -- a notice -- and not a subpoena issued pursuant to Rule 45.

3

(S.D.N.Y. 2019) (citations and quotation marks omitted); see also Fed. R. Civ. P. 26(b)(1).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). When a protective order is sought, the party seeking discovery must first establish that the discovery sought is relevant. See, e.g., Vertrue Inc. v. Meshkin, No. 3:05CV01809(PCD), 2006 WL 8091500, at *1 (D. Conn. Aug. 9, 2006) ("A party seeking discovery has the initial burden" of showing relevance.). "Where the discovery is relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause." Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

**C.   Discussion**

Defendant requests that the Court issue a protective order because the 30(b)(6) Notice: (1) is overbroad and disproportionate to the needs of the case because it seeks information regarding all of defendant's 736 nationwide fitness clubs; (2) is unduly burdensome; (3) violates the parties' agreement in the 26(f) report to limit requests for production

4

to 25 requests; and (4) improperly "requires the Person Most Knowledgeable at L.A. Fitness to appear and testify[.]" Doc. #17 at 9; see also id. at 6-9. Plaintiff responds, in pertinent part, that evidence of similar accidents is "highly relevant" to proving notice, and the costs to defendant of obtaining the information is outweighed by the potential benefit of the information. See generally Doc. #23 at 2-4.

During the March 8, 2021, discovery conference, defendant conceded that its arguments addressed to the language of the 30(b)(6) Notice were moot in light of plaintiff's representation that the revised notice served on January 22, 2021, did not contain the disputed language. See Doc. #23 at 2. The Court granted plaintiff's motion to amend the 26(f) report at the outset of the conference, rendering defendant's argument relating to the 26(f) report moot as well. See Doc. #28.

The Court next addressed the temporal scope of the deposition topics and the documents to be produced by the deponent. Plaintiff stated that his original discovery requests were limited to two years because they were served while the case was pending in state court, where standard discovery requests are restricted to a two-year time period. Now that the case has been removed to federal court, plaintiff contends that five years is a reasonable time period.

The Court next addressed the substantive scope of the deposition topics and the documents to be produced by the deponent. After hearing from counsel, the Court concluded that as currently drafted, plaintiff's 30(b)(6) Notice is overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks information from <u>all</u> of defendant's nationwide fitness clubs. Nevertheless, the Court also concluded that plaintiff is entitled to information from a reasonable subset of defendant's fitness clubs to determine whether there are any comparator cases. Based on this conclusion, the Court ordered counsel to meet and confer in an attempt to agree on narrowed deposition topics and document requests.

On March 15, 2021, the parties informed the Court by email "that they were unable to reach an agreement concerning the scope of the 30(b)(6) deposition topics and documents to be produced by the deponent." Appendix A. Rather, the parties set forth the following competing proposals:

> The Plaintiff would agree to limit his requests to CT, NY, NJ and PA. All requests would be limited to accidents "involving falls on water or substances on tile floors" for 5 years leading up to the date of accident. This would involve approximately 102 clubs out of the approximately 750 clubs. The plaintiff's theory is that tiled areas that are exposed to water (i.e. showers, pools, saunas) should be tiled with skid resistant tile and/or appropriate matting.
>
> The Defendant, Fitness International, proposed to limit the scope of the 30(b)(6) deposition topics and documents to be produced by the deponent, as an initial

6

> matter, by limiting the inquiry to three years of slips-and-falls in the shower areas at LA Fitness facilities in the State of Connecticut constructed within three years of the Norwalk facility.

Appendix A (sic). Notably, defendant's proposal does not indicate how many facilities would be included in this disclosure.

"[A] court may allow discovery of similar accidents provided that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is relevant to the circumstances of the instant case." Cohalan v. Genie Indus., Inc., 276 F.R.D. 161, 166 (S.D.N.Y. 2011) (citation and quotation marks omitted); see also Stagl v. Delta Airlines, Inc., 52 F.3d 463, 474 (2d Cir. 1995) ("Evidence of [prior similar accidents] would unquestionably be relevant, if not central, to [plaintiff's] case[.]"). In light of the foregoing authority, and having considered the parties' arguments, the Court finds that plaintiff's proposal is reasonable in temporal scope and is narrowed in such a way as to encompass other accidents with circumstances "similar enough" to the present case. Cohalan, 276 F.R.D at 166. The Court also finds that plaintiff's proposal is both proportional to the needs of the case, and not unduly burdensome.

Accordingly, the Court APPROVES and SO ORDERS plaintiff's proposed limitation for the 30(b)(6) deposition topics and

7

documents to be produced by the deponent. Plaintiff shall serve defendant with a revised Notice of 30(b)(6) Deposition, in compliance with this Ruling. The parties are also ORDERED to meet and confer to agree on a date for the 30(b)(6) deposition of defendant's corporate representative. The parties are reminded that multiple 30(b)(6) witnesses may be designated, if necessary.

### D. Conclusion

Thus, for the reasons stated, the Court **GRANTS, in part, and DENIES, in part**, defendant's Motion to Quash [**Doc. #16**].

It is so ordered. Dated at New Haven, Connecticut, this 18th day of March, 2021.

_____/s/_____<br>
HON. SARAH A. L. MERRIAM<br>
UNITED STATES MAGISTRATE JUDGE