**EXHIBIT B**

## AFFIDAVIT OF ROBERT A. WILSON, ESQ.

I, Robert A. Wilson, Esq., state that the following is true to the best of my information, knowledge, and belief:

1. I am Senior Vice President and General Counsel at Fitness International, LLC. ("Defendant").

2. I have reviewed the 30(b)(6) deposition notice for Fitness International in this case, which lists 49 potential areas of inquiry and itemizes 49 different subjects and materials, requesting responsive documents to the same.

3. I have personal knowledge of the facts set forth in this affidavit.

4. Fitness International has over 730 clubs nationwide. Each of these clubs was constructed at different times, with different construction plans and materials.

5. The floor of one shower area is not necessarily comparable to the floor in the shower area of another facility, given age, materials, and methods of construction.

6. Given these differences, the factual data from one facility may have no relevance to any comparable club in another region of the country or even that state.

7. A search for information relative to other incidents in the other 729 clubs would be overwhelmingly burdensome and costly. First, Fitness International can only run a search of incident reports during the requested time period on a club by club basis. This means, our company would have to expend costs and labor during the current pandemic to conduct a search for each of the clubs, and then take the time to review each search for possible matches to determine if this report is relevant to the discovery request. Our lawyers would be involved in this initial search. Then, after this initial search, an additional search would have to be undertaken if an incident appeared similar based on

documents to determine the type of materials used, the age of construction, etc. This search would be required to determine if the characteristics of the floor in the subject shower area were similar to any other reported incident at one of the other hundreds of clubs. This process would involve our attorneys, and could involve several hours of legal fees for each facility identified. For over 736 clubs nationwide, this search could be extremely costly and burdensome, especially in light of the current pandemic.

8. Based on these factors, the costs of such a search could be exorbitant, given the likelihood of our attorneys being involved in this review. The costs of the initial search could run up to $10,000 - $15,000. The secondary, in-depth search could cost up to $1000 per facility, if a possible similar incident were identified. In essence, plaintiff's Notice of Deposition seeks a compilation of 736 costly case studies, seeking information that ultimately may not be comparable.

9. Further, it would be impossible to produce a person with knowledge (PMK) of facilities at 736 different facilities. The Notice of Deposition in essence requests an impossibility and sets the deponent up to fail, given its overwhelming reach and burdensome scope.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 8th DAY OF FEBRUARY 2021

_____
Robert A. Wilson