UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH D'AGOSTIN<br>   *Plaintiff*, | )   3:20-CV-01657 (KAD)<br>)<br>) |
| v. | )<br>) |
| FITNESS INTERNATIONAL, LLC, d/b/a<br>LA FITNESS<br>   *Defendant*. | )<br>)   MAY 12, 2021<br>) |

**MEMORANDUM OF DECISION**
**RE: DEFENDANT'S OBJECTION TO ORDER, ECF NO. 33**

Kari A. Dooley, United States District Judge:

Before the Court is Defendant's Objection to Magistrate Judge Sarah A. L. Merriam's March 18, 2021 Ruling on Defendant's Motion to Quash. The underlying motion to quash, which this Court had referred to Judge Merriam, related to the scope of Plaintiff's notice of deposition of Defendant's corporate designee. Judge Merriam granted, in part, the Defendant's motion. Defendant, pursuant to Fed. R. Civ. P. 72(a) and D. Conn. Mag. L. Civ. R. 72.2(a), timely filed an objection to Judge Merriam's ruling. For the reasons set forth below, Defendant's objection is sustained in part.

**Procedural History & Background**

This is a premises liability claim arising out of Plaintiff's slip and fall in a locker room at one of Defendant's LA Fitness establishments. When it became apparent that the amount in controversy exceeded the jurisdictional threshold of $75,000.00, the Defendant removed the case to this Court from the Superior Court of the State of Connecticut, on November 3, 2020.

The current dispute was first flagged by the parties in their 26(f) Report in which the Defendant asserted that it "objects to the discovery of other venues managed by or under the control of the Defendant as irrelevant, unduly burdensome, disproportionate to the plaintiff's

claims, and not reasonably calculated to lead to the discovery of any admissible evidence." Thereafter, on February 12, 2021, the Defendant filed the instant Motion to Quash Plaintiff's Notice of Deposition of Corporate Designee. At issue, among other things, was the temporal and geographic scope of the Plaintiff's document requests associated with the 30(b)(6) notice of deposition. Plaintiff ostensibly sought information about similar accidents at LA Fitness locations on a nationwide basis for a five-year period. The Court referred the motion to Judge Merriam on February 16, 2021. The Court later referred a related matter—Plaintiff's Motion to Amend/Correct Rule 26(f) Report[1]—on February 25, 2021. Judge Merriam took briefing on the issues and held argument on March 8, 2021. Thereafter, Judge Merriam entered an order, at ECF No. 29, allowing the parties one week to attempt to resolve the dispute without further intervention of the Court. The parties were unable to do so and Judge Merriam entered her ruling, which granted in part and denied in part Defendant's requested relief, on March 18, 2021. Plaintiff acted in accordance with the ruling and re-noticed the 30(b)(6) deposition using language approved by and consistent with the ruling.

Defendant timely filed its objection on April 1, 2021. The Court entered an order for expedited briefing on April 2, 2021. The objection was fully briefed as of April 22, 2021. Preliminarily, given the nature of the case, the issues at play in this discovery dispute, and the deferential standard for reviewing the Magistrate Judge's ruling, the Court denies the request for oral argument.

**Standard of Review**

With exceptions, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the

---

[1] This issue has been resolved and is not part of Defendant's objection.

magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *accord* Fed. R. Civ. P. 72(a); D. Conn. Mag. L. Civ. R. 72.2(b).

Courts in the Second Circuit treat this standard as a deferential one, imposing a heavy burden on the objecting party and only permitting reversal where the magistrate judge has abused her discretion. *See Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013); *see also Lawrence v. Wilder Richman Securities Corp.*, 467 F. Supp. 2d 228, 232–33 (D. Conn. 2006) (noting that the Second Circuit had rejected a *de novo* standard of review for considering a magistrate judge's sanction ruling). A finding is clearly erroneous if the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Defazio v. Wallis*, 459 F. Supp. 2d 159, 162–63 (E.D.N.Y. 2006) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004)). An order is contrary to law "when it fails to apply or misapplies relevant statues, case law, or rules of procedure." *Id*. at 163 (quotation omitted).

**Discussion**

After oral argument, though unable to reach agreement, the parties presented their respective final positions regarding the proper scope of the Rule 30(b)(6) notice in an email to Judge Merriam. Defense counsel sent the email, which Judge Merriam attached to her decision and order as Appendix A, ECF No. 31-1. In relevant part, the email reads:

> Plaintiff's position: The Plaintiff would agree to limit his requests to CT, NY, NJ and PA. All requests would be limited to accidents "involving falls on water or substances on tile floors" for 5 years leading up to the date of accident. This would involve approximately 102 clubs out of the approximately 750 clubs. The plaintiff's theory is that tiled areas that are exposed to water (i.e. showers, pools, saunas) should be tiled with skid resistant tile and/or appropriate matting.
>
> Defendant's position: The Defendant, Fitness International, proposed to limit the scope of the 30(b)(6) deposition topics and

> documents to be produced by the deponent, as an initial matter, by limiting the inquiry to three years of slips-and-falls in the shower areas at LA Fitness facilities in the State of Connecticut constructed within three years of the Norwalk facility.

Citing, *inter alia*, *Cohalan v. Genie Industries, Inc.* and *Stagl v. Delta Airlines, Inc.*, Judge Merriam found that the Plaintiff's position was reasonable in terms of temporal and geographic scope and that Plaintiff's proposal was proportional to the needs of the case and not unduly burdensome. 276 F.R.D. 161, 166 (S.D.N.Y. 2011); 52 F.3d 463, 474 (2d Cir. 1995). *See also* Fed. R. Civ. P. 26(b)(1). She therefore approved and ordered Plaintiff's proposed limitation for 30(b)(6) deposition topics and documents to be produced by the deponent. (Order on Def.'s Mot. Quash 7, ECF No. 31.)

Defendant advances three arguments in its objection to the ruling: (1) given the legal and physical dissimilarities of facilities outside the state, the discovery restriction adopted by Judge Merriam is not proportional to the needs of the case; (2) Judge Merriam misconstrued the relevant authority; and (3) the adopted proposal expanded, *sub silentio,* the originally proposed scope of discovery by including all tile floors, which might be located in many portions of a facility, not just the locker room where Plaintiff was injured. In his reply to Plaintiff's opposition, the Defendant also argues that the adopted discovery restrictions are unduly burdensome because the cost of compliance may run to half of the total cost of Plaintiff's medical treatment, which forms a significant portion of the Plaintiff's claimed damages. The Plaintiff generally disagrees with the Defendant's arguments though Plaintiff did not respond to the claim that he, although told by Judge Merriam to limit the notice, actually expanded it.

The Court is unpersuaded by the Defendant's arguments concerning proportionality and undue burden. Defendant makes its arguments in more detail here than it did before Judge Merriam, and the Court accepts that there are differences between various fitness clubs, insofar as

each fitness club covered by the 30(b)(6) order may have different floor plans subject to different state regulatory regimes. However, each fitness club covered by the 30(b)(6) order may also have similarities to the Norwalk club, which is where the accident at issue occurred. Information need not be admissible as evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). And just as importantly, given the scope of the approved notice—which limits Plaintiff to five years of time and to approximately 102 of 753 of the Defendant's fitness clubs—the Court does not think that the portion of Judge Merriam's ruling concerning proportionality and undue burden is clearly erroneous, contrary to law, or an abuse of discretion. *Compare Dipesa v. Home Depot USA, Inc.*, 245 F.R.D. 53, 54–55 (D. Mass. 2007) (allowing a motion to compel interrogatory answers asking, in a premises liability suit, for nationwide accident reports where the defendant corporation's practices were standardized). While Defendant asserts that limiting discovery to a shorter time period and fewer fitness clubs is more reasonable, the fact that reasonable minds may differ on the wisdom of a particular discovery ruling is not a sufficient basis to overturn a magistrate judge's decision. *See Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp. 2d 260, 263 (S.D.N.Y. 2013).

The Court is also unpersuaded that Judge Merriam misapplied the relevant precedent in this case. While *Cohalan v. Genie Industries, Inc.* is a product liability case, the proposition of law cited in Judge Merriam's decision—that "a court may allow discovery of similar accidents provided that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is relevant to the circumstances of the instant case"—is sound. 276 F.R.D. 161, 166 (S.D.N.Y. 2011). Courts have applied this principle to premises liability cases where an entity's various locations might be similar, with the specific temporal and geographic scopes varying by case. *See Prescott v. Cracker Barrel Old Country Store, Inc.*, No. CIV-18-121-SLP, 2019 WL 11339874, at *2 (W.D. Okla. Feb. 5, 2019) (collecting cases). Incidents at other

LA Fitness locations, as sought in this case, may be "similar enough" to the incident at issue so as to justify the discovery order. *See Cohalan*, 276 F.R.D. at 166. Moreover, the fact that the *Stagl* district court, on remand, allowed discovery into only a single location, in a text order containing no legal or factual analysis, does not undercut the efficacy of the *Stagl* circuit court's principle that evidence of prior similar accidents can be relevant, if not central, to a plaintiff's case. *See* 52 F.3d 463, 474 (2d Cir. 1995). Such is the case here, where a prior similar accident might tend to show that Defendant had at least constructive notice of a defective or dangerous condition.

The Court is "left with the definite and firm conviction that a mistake has been committed" in one respect, however. *Defazio*, 459 F. Supp. 2d at 162–63. The adopted proposal, which contemplates discovery into accidents that occurred on tile floors, expands the scope of discovery beyond Plaintiff's initial 30(b)(6) notice, which is contrary to what Judge Merriam was very clearly trying to accomplish at the hearing. At the hearing, when pressed by Judge Merriam as to how Plaintiff intended to identify only those incidents sufficiently similar to Plaintiff's incident, Plaintiff's counsel stated:

> "So that's kind of why I'm saying slip and falls in the locker rooms. We're not saying, you know, on the floor **or that's in other tiled areas**. We're saying the locker room, because we know there's water in the locker room." (Hearing Tr. 11:19–20, ECF No. 32.) (Emphasis added.)

With this representation, there was no further discussion of whether the scope of discovery should extend to tile floors beyond the locker room. Nevertheless, Plaintiff's proposal, submitted to and ultimately adopted by Judge Merriam sought discovery into accidents "involving falls on water or substances on tile floors," without limitation as to where within LA Fitness the accident occurred.


Although raised by the Defendant, the Plaintiff did not respond to this argument.[2] The Court will hold Plaintiff to his representation to Judge Merriam that he is not seeking discovery into tiled floors outside the locker room and shall modify the discovery limitation accordingly. Indeed, looking to any tile floor within the Defendant's fitness clubs would move discovery beyond "the focal point of this litigation," which concerns an accident on a tile floor in a locker room. *See Lutes v. Kawasaki Motors Corp.*, No. 3:10CV1549(WWE), 2014 WL 7185469, at *7 (D. Conn. Dec. 16, 2014).

**Conclusion**

For the foregoing reasons, Defendant's objection is SUSTAINED in part. Judge Merriam's ruling is hereby modified, and the permissible scope of discovery is therefore changed to read as follows[3]:

> The Plaintiff is limited to requesting information from locations in CT, NY, NJ and PA. All requests will be limited to accidents "involving falls in locker rooms with tile floors" for 5 years leading up to the date of accident.

Plaintiff shall serve Defendant with a revised Notice of 30(b)(6) Deposition in compliance with this decision.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of May 2021.

                          */s/ Kari A. Dooley*
                          KARI A. DOOLEY
                          UNITED STATES DISTRICT JUDGE

---

[2] Although Plaintiff points out that the scope of the discovery sought was reduced from "753 to 107" fitness clubs, that reduction does not alleviate the concerns posed by the expansion from locker rooms to all tile floors. Additionally, the Court observes that Plaintiff's and Defendant's briefs disagree about how many locker rooms are covered by Judge Merriam's order—107 or 102. The difference between 107 and 102 is not significant enough change the Court's decision, and the Court therefore reiterates that the scope of discovery is limited geographically, as set forth in the Conclusion.

[3] This modification will also presumably lessen the burden on the Defendant as it would seem a simple enough inquiry as to which of the relevant locations have, or had in the past 5 years, tile locker room floors.