UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH D'AGOSTIN )<br>    Plaintiff )<br> )<br>v. )<br> )<br>FITNESS INTERNATIONAL, LLC. )<br>D/B/A/ LA FITNESS )<br>Defendant ) | 3:20-cv-01657-OAW |

## DEFENDANT'S LOCAL RULE 56(a)(1) STATEMENT

Under Local Rule of Civil Procedure 56(a)1, the Defendant, Fitness International, LLC d/b/a/ LA Fitness ("Fitness International"), hereby submits this concise statement of the material facts of record as to which there exists no genuine issue to be tried in support of its Motion for Summary Judgment.

1. The Norwalk LA Fitness includes a pool and an adjacent locker room and sauna. Deposition Transcript of Bryan Marcelle, Exhibit A to Declaration of Kevin O'Leary in Support of Motion for Summary Judgment ("Marcelle Dep. Tr."), at 49.

2. The plaintiff, Joseph D'Agostin, has been a member of the Norwalk LA Fitness since 2012. Deposition Transcript of Joseph D'Agostin, Exhibit A to Declaration of Benjamin Levites in Support of Motion for Summary Judgment ("Pl. Dep. Tr."), at 41.

3. The plaintiff alleges that on November 3, 2018, he was in the men's locker room at the Norwalk LA Fitness when he was caused to fall by water on a tile floor. Doc. 1-1, ¶¶ 3, 5(j)–(m).

4. Prior to slipping and falling in the locker room, the plaintiff spent ten minutes or fewer in the Jacuzzi. Pl. Dep. Tr. at 62, 64.

5. The plaintiff was able to safely exit the Jacuzzi. Pl. Dep. Tr. at 62.

6. The plaintiff was further able to safely walk from the Jacuzzi into the sauna. Pl. Dep. Tr. at 62.

7. As he approached and stepped into the sauna, plaintiff observed dampness on the floor but he saw nothing visually with respect to an accumulation of water prior to stepping into the sauna. Pl. Dep. Tr. at 34.

8. He stepped towards and into the sauna without incident. Pl. Dep. Tr. at 62.

9. The plaintiff spent between five and seven minutes in the sauna. Pl. Dep. Tr., at 32.

10. The plaintiff toweled off any sweat before leaving the sauna. Pl. Dep. Tr. at 35.

11. The plaintiff opened the door of the sauna to exit, attempted to step out of the sauna, and slipped and fell. Pl. Dep. Tr. at 49.

12. The plaintiff does not know how long the accumulation of water was outside of the sauna. The plaintiff never visually saw the condition of the floor on which he slipped before he slipped and fell. Pl. Dep. Tr. at 37.

13. The plaintiff does not know how floor got wet. The plaintiff did not recall whether the floor was wet from water or sweat. Pl. Dep. Tr. at 49.

14. The area in which the plaintiff slipped and fell was well lit. Pl. Dep. Tr. at 22.

15. The plaintiff never talked to any club employees about water being tracked in the area he in which he later fell. Pl. Dep. Tr. at 43.

16. Fitness International did not have actual notice of the alleged water on the tile floor of the locker room in front of the sauna before the plaintiff fell. Marcelle Dep. Tr. at 80.

17. The plaintiff never talked to the LA Fitness employees at the Norwalk location prior to

      the incident that is the subject of this lawsuit. Pl. Dep. Tr. at 42.

18.     In addition to structural components to reduce water accumulations, the defendant's staff checked the locker room every half hour to address any walking hazards. Marcelle Dep. Tr. at 81

19.     The plaintiff testified he always proceeded with caution in the area in which he fell. Pl. Dep. Tr. at 50.

Respectfully submitted,
Defendant,
Fitness International, LLC, d/b/a LA Fitness
By its attorneys,

*/s/ Ben Levites*

Kevin J. O'Leary, ct30271
Benjamin H. Levites, ct30481
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
koleary@coughlinbetke.com
blevites@coughlinbetke.com

## CERTIFICATION

    This is to certify that a copy of the foregoing was filed electronically on March 17, 2022. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Ben Levites*
Benjamin H. Levites